UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:16-cr-00215-BLW |
|---|---|
| Plaintiff, | **ORDER ON RESTITUTION** |
| vs. | **Redacted Version** |
| CHRISTOPHER BOHNENKAMP, | |
| Defendant. | |

**INTRODUCTION**

On April 26, 2017, Defendant Christopher Bohnenkamp pled guilty to Counts 21 and 22 of the Indictment. On August 8, 2017, the Court sentenced Bohnenkamp to a term of 63 months imprisonment, followed by a term of 5 years supervised release. The Court delayed its order on restitution, and held a hearing on the matter on October 25, 2017. The Court now issues the following restitution order.

**ORDER ON RESTITUTION - 1**

# LEGAL STANDARD

The primary goal of the Mandatory Victim Restitution Act ("MVRA") is to make victims whole. *United States v. Gordon*, 393 F.3d 1044, 1048 (9th Cir. 2004). District courts are to engage in an expedient and reasonable restitution process, with uncertainties resolved with a view toward achieving fairness to the victim." *Id*. In 1990, Congress expanded the Victims and Witness Protection Act's ("VWPA") definition of "victim." See Pub. L. No. 101-647, § 2509, 104 Stat. 4789, 4863, 4931 (Nov. 29, 1990) (Crime Control Act of 1990) (codified at 18 U.S.C. § 3663(a)(2)). Now, "when the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, . . . the restitution order [may] include acts of related conduct for which the defendant was not convicted." *United States v. Brock-Davis*, 504 F.3d 991, 999 (9th Cir.2007) (Internal citations omitted).

The MVRA and VWPA use the same definition of victim, and the Ninth Circuit interprets them the same. *Id*. "[T]he term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id*.

# ANALYSIS

In its submissions and at the hearing, the government provided the Court with evidence of the victims' losses in this case by way of bills of sale, bank records, business

records, photos and appraisals. Bohnenkamp also provided some documents and photos, as well as the testimony of Brian Goehring, the former rigging manager at Bohnenkamp's business. Before addressing this evidence and determining a final amount of restitution, the Court will address whether two categories of individuals are considered "victims" for purposes of the MVRA and VWPA. Those two categories of individuals are (1) material vendors, and (2) 2012-13 boat and trailer purchasers.

As explained above, a "victim" must have been directly and proximately harmed as a result of the commission of the offense. *Brock-Davis*, 504 F.3d at 999. And in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity – as is the case here – victims include anyone directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. *Id*. Bohnenkamp admitted the following in his signed plea agreement:

> In or about 2014, in the District of Idaho, the defendant devised and intended to devise a scheme to obtain money and property from customers and material vendors of TVM/BWC by means of materially false and fraudulent pretenses, representations and promises, and to misappropriate without authority money and property belonging to customers and material vendors of his companies. Knowing that TVM/BWC was financially insolvent, from May of 2014 through December of 2014, the defendant continued to accept orders and upfront payments from 13 new customers and parts on credit from material vendors. At the time, he knew that the upfront payments from new customers would be used to pay old debts and complete the boats of existing customers, not to construct the boats of the new customers or pay for new parts. In doing so, the defendant acted with the intent to deceive the new customers and material vendors. The false representations and omissions that he made to new customers and material vendors were material. The l3 new customers did not receive the completed boats and trailers for which they paid.

**ORDER ON RESTITUTION - 3**

*Bohnenkamp Plea Agreement,* p.3, Dkt. 33. Thus, Bohnenkamp admitted that the material vendors were directly harmed by his criminal conduct in the course of the scheme. Under these circumstances, the material vendors are "victims" in this case, and their losses will be included in the restitution order.

Regarding the 2012-23 boat and trailer purchasers, the government argues they are victims because Bohnenkamp told them "lulling lies" and drew them into his ongoing scheme. A lulling scheme typically involves communications by the defrauder after he receives money "designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely." *U.S. v. Manarite,* 44 F.3d 1407, 1412 (9th Cir. 1995) (Internal citation omitted). "In such a scheme, the mailing reassures the victim that all is well, discouraging him from investigating and uncovering the fraud." *Id.*

But there is no allegation in the Indictment, and no basis in the plea agreement, to conclude that Bohnenkamp fraudulently obtained money from the 2012-13 boat and trailer purchasers. Thus, there can be no assertion that these individuals were discouraged from investigating or uncovering a fraud during that time. At best, they were lulled into forgoing civil claims against Bohnenkamp. Accordingly, the Court will not include the 2012-13 boat and trailer purchasers in the loss amount.

Having addressed the material vendors and the 2012-13 boat and trailer purchasers, the Court turns to the evidence in support of restitution. The Court finds that the evidence presented by the Government, mainly government Exhibit A, which includes bills of sale, bank records, photos of the boats, and appraisals, supports the loss amount for each victim listed in the Government's summary of the loss amount. And the Court finds that the testimony of Brian Goehring does nothing to dispute this evidence. Mr. Goehring testified about the "percentage of completion" of many of the boats, but he failed to provide any sort of methodology for how he determined that percentage. More importantly, he failed to provide the Court with any information that would allow the Court to place a value on the boats, and thus determine a loss amount. The Court notes that it is not questioning Mr. Goehring's honesty in this regard. The Court believes Mr. Goehring gave truthful answers to the questions he was asked, and that he gave what he believes were honest statements about the percentage of completion of the boats. But the testimony simply did not assist the Court in determining a loss amount. Accordingly,

The Court, having fully considered the parties' pleadings on restitution, and heard evidence during a restitution hearing held on October 25, 2017;

The Court having concluded that the loss amount for the material vendors will be included;

**ORDER ON RESTITUTION - 5**

The Court having concluded that the loss amount for the 2012-13 boat and trailer purchasers shall not be included;

The government having conceded that the $400,000 sum expended by Michael Fox – as set forth in its chart summarizing 2014 customer losses – is not a compensable loss for restitution purposes because Mr. Fox subsequently executed a promissory note with Brian Price, the current owner-of-record of Niagara Jet Adventures, Inc. ("NJA") and Devil's Hole Jetboat, Inc. ("DHJ"), that includes repayment of the sum;[1]

The government having conceded that the $30,000 debt to Hamilton Jet – as set forth in its chart summarizing 2014 vendor losses – is no longer due and owing;

The government having conceded that the $31 debt to Randy Piatt – as set forth in its chart summarizing 2014 vendor losses – is no longer due and owing; and

The government having taken the position that, to avoid double-counting of wire fraud losses to customers Darin Barnes, Tara Esquivel, Jason Locke, Trever Yochum, Cheryl Meade, and Gerald Massengale, and bank fraud losses to KeyBank and Washington Trust Bank related to these same customers and that are largely duplicative, restitution should be paid to the customers alone, from whom the banks can separately recover, as appropriate;

**IT IS HEREBY ORDERED** that restitution is due to the following parties in the following amounts:

---

[1] The government reserves the right, under 18 U.S.C. § 3664(d)(5) to petition the court to reinstate this sum as a compensable loss to Mr. Fox should the Court subsequently determine that the defendant, rather than Mr. Price, is the actual owner of NJA/DHJ. The Court is in the process of scheduling a briefing schedule and procedure for making this determination.

**ORDER ON RESTITUTION - 6**

| NAME | ADDRESS | AMOUNT |
|:---:|:---:|:---:|
| Eric Strand | | $40,650.00 |
| Kelly Tuttle | | $122,336.00 |
| David McKitrick | | $158,728.00 |
| Reid Evans | | $70,422.00 |
| Grant Lungren | | $100,000.00 |
| John Bayse | | $81,457.00 |
| Timothy Viehweg | | $65,000.00 |
| Bart Jarrett | | $40,973.58 |
| Travis Lukoic | | $85,947.00 |
| Mike Sanders | | $37,300.00 |
| Leeland Spindler | | $111,000.00 |
| Lincoln Swaggart | | $50,252.00 |
| Shane Williams | | $122,257.00 |
| Bryce Vineyard | | $63,067.00 |
| Jason Moodie | | $23,440.00 |
| Doug Moodie | | $23,440.00 |
| Cheryl Meade | | $150,000.00 |
| Gerald Massengale | | $187,939.55 |
| Darryl Hellickson | | $145,779.87 |
| **SUBTOTAL** | | **$1,679,989.00** |
| Aspen Sound | | $1,770.75 |
| CDA Metals | | $78,372.68 |
| Chris Mahr & Associates, CPAs | | $2,085.00 |
| D & M Leasing, LLC | | $4,226.16 |
| Darin Lawley | | $1,678.00 |
| Dave's Palouse Resharp Co., Inc. | | $203.72 |
| Denco Sales | | $1,573.56 |
| G & K Services | | $3,457.70 |
| Klingspor | | $961.63 |
| Knight EZ Dock, Inc. | | $759.03 |
| Marine Power (aka Donovan Marine) | | $337,748.33 |
| MVP Distributing, Inc. | | $366.72 |
| Norco, Inc. | | $5,953.66 |
| Pacific Powertrain | | $6,563.13 |
| Perfect Fit-McDonald Inc. | | $6,223.73 |
| Prop Shop | | $2,531.84 |
| Red Neck Trailers | | $6,223.46 |

**ORDER ON RESTITUTION - 7**

| | | |
|---|---|---|
| RH Motorsports, Inc. | | $12,079.04 |
| Stevens Marine | | $3,423.00 |
| Tacoma Screw Products, Inc. | | $6,074.27 |
| Thermo King | | $1,214.00 |
| Wheels Plus | | $3,000.75 |
| Zamco Technology | | $33,214.60 |
| **SUBTOTAL** | | **$519,704.76** |
| Darin Barnes | | $0 |
| Tara Esquivel | | $192,024.00 |
| Jason Locke | | $70,536.00 |
| Trever Yochum | | $29,000.00 |
| **SUBTOTAL** | | $291,560.00 |
| **TOTAL** | | $2,491,253.76 |



DATED: November 6, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court